UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20759-CR-LENARD

UNITED STATES OF AMERICA

v.

ALBERTO GONZALEZ,

       **Defendant.**

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this opposition to Defendant Alberto Gonzalez's Motion to Terminate Supervised Release (DE 953), in accordance with the order of this Court (DE 954). Because Gonzalez fails to demonstrate that early termination is warranted by his conduct and in the interest of justice, the motion should be denied.

    Gonzalez was charged by way of indictment with conspiracy to possess with intent to distribute cocaine, heroin, cocaine base, and marijuana, in violation of 21 U.S.C. § 846 (Count One), and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Five) (DE 11). On April 1, 2008, Gonzalez pled guilty to Count Five of the Indictment pursuant to a written plea agreement (DE 467, 468). On August 14, 2008, this Court sentenced Gonzalez to 92 months of imprisonment, followed by a term of 3 years of supervised release (DE 564, 565). Gonzalez was released from prison on July 16, 2014. On April 19, 2015, Gonzalez was arrested by the Miami-Dade Police Department for Disorderly Conduct/Establishment and Disorderly Intoxication (DE 894). The following day, Gonzalez pled guilty to the former offense – for which he was sentenced to time served – and the State Attorney nolle prossed the latter

offense. *Id*. As a result of this violation of the terms of Gonzalez supervised release, this Court modified the conditions of his supervision by adding a requirement that he perform 100 hours of community service. *Id.*

Supervised release eases a defendant's transition to community life and facilitates training and rehabilitation. *United States v. Johnson*, 529 U.S. 53, 59-60 (2000). Under some circumstances where continued supervision no longer serves these goals, it may be terminated early. A district court may, after considering the factors in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7):

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Thus, before ordering the early termination of a defendant's supervised release, a district court should consider the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, and uniformity of sentences among defendants committing the same types of crimes. *See United States v. Reagan*, 162 Fed.Appx. 912, 914 (11th Cir. 2006); 18 U.S.C. §§ 3553(a), 3853(e)(1).

Because the language of Section 3853(e)(1) notes that the district court "may" terminate supervised release if it is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice," a district court has discretion in deciding whether to terminate a defendant's supervised release. *See United States v. Perry*, 397 Fed.Appx. 521 (11th Cir. 2010). The phrase "the interest of justice" gives the court latitude to consider a broad range of factors in addition to a defendant's behavior in considering whether to terminate his supervised release.

*United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). The conjunction "and" used in Section 3583(e)(1) indicates that a district court must conclude that the early termination of supervised release is warranted both by the defendant's conduct *and* by the interests of justice. *Id.*

"It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." *United States v. Emmett*, 749 F.3d 817,824 (9th Cir. 2014). Generally, termination of supervised release under Section 3583(e)(1) is reserved for rare cases of "exceptionally good behavior" or unforeseen circumstances. *See United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) ("Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."); *United States v. Kay*, 2007 WL 4355419 at *1 (E.D.PA. 2007) ("The court has discretion to grant early termination of probation or supervised release; however, early termination is warranted only where the defendant can show that significantly changed circumstances require a refashioning of his sentence."). Even model behavior will not suffice to justify the granting of such relief. *See e.g., United States v. McKay,* 352 F.Supp.2d 359, 361 (E.D.NY. 2005) ("Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); *United States v. Grossi*, 2011 WL 704364 at *2 (N.D.CA. 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

In this case, Gonzalez cannot even establish full compliance with the terms of his supervised release, let alone exceptionally good behavior. To the contrary, Gonzalez violated the

terms of his supervised release by committing additional criminal conduct approximately 9 months after his release from prison.  Indeed, while one of the primary factors Gonzalez relies upon in support of his motion is his completion of the 500-hour RDAP program, that program did not prevent Gonzalez from committing a crime upon release from prison.

Gonzalez also suggests that termination is warranted in light of the fact that he is gainfully self-employed as a personal trainer, who also sells nutrition products as an independent sales consultant, reflecting that he "stay[s] busy and comfortably provide(s) for [himself] and [his] fiancé" (DE 953).  However, at the time of his arrest in this case, Gonzalez was similarly gainfully "self-employed as the sole owner of Miami Personal Training, LLC" (PSI ¶ 129).  That employment did not prevent Gonzalez from engaging in the narcotics crime of which he stands convicted.

Of course, in considering a motion for early termination of supervised release under Section 3583(e)(1), the Court must consider the factors set forth in Section 3553.  That includes "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Those factors strongly weight against early termination in this case.  Gonzalez has an extensive criminal history.  PSI ¶¶ 81-111.  As set forth in the PSI, that history resulted in 16 criminal history points, placing Gonzalez in Criminal History Category VI.  PSI ¶ 100.  It is a history that includes convictions for, among other things, armed burglary, PSI ¶ 92, and aggravated battery in a detention facility, PSI ¶ 97.  It is a history that also reflects violations of probation, PSI ¶¶ 91, 92, and a revocation of bond, PSI ¶ 98. Moreover, Gonzalez committed the offense in this case less than two years after his release from custody in a prior case.  PSI ¶ 99.  This history, combined with Gonzalez's violation of the

conditions of his supervised release in this case, establishes that it is not in the interest of justice to terminate Gonzalez's supervised release. *See Pregent*, 190 F.3d at 283-84 (affirming the district court's denial of defendant's motion for early termination of supervised release based, in part, on his criminal history and history of drug abuse).

WHEREFORE, the motion should be DENIED.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ Sean Paul Cronin
Sean Paul Cronin
Assistant United States Attorney
Court No. A5500940
99 N.E. 4th Street, Suite 400
Miami, FL 33132
Tel# (305) 961-9194
Fax: (305) 530-6168
sean.p.cronin@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 11, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served a copy by U.S. Mail upon

Alberto Gonzalez, *Pro Se*
29 Santillane, Apt 9
Coral Gables, FL 33139

/s/ Sean Paul Cronin
Sean Paul Cronin
Assistant United States Attorney